Chief Justice Robertson
delivered the opinion of the Court.
On the 4th day of June, -T825, a fieri facias issued from the clerk’s office of Barren county, in favor of Joseph C.ooperand Collin Cooper, against; John Gorin and Elijah Haydon, for $702 27 1-2 with six per cent, interest thereon, from the 28th of September, 1822, until .payment. It was delivered, on the 6th day of June, 1825, to Joseph T. Tunsta], (a deputy of Leonard H. Maury, sheriff of Barren) to execute, and was returnable on the Saturday preceding the 3il Monday in July, 1825.
*225 On the 7th of September, 1825, another.fiefSfacias issued for tile same debt, and was delivered to the .same officer.
Both executions were returned, and the return on each was, “no property.”
After the last execution was returned, the creditors moved the circuit court fora judgment against the sheriff and his sureties, for the amount of the debt and accruing interest, and thirty per cent, damages thereon, because, as they averred, the first execution had not been returned within a month from the return day: for all which, the court, on'the hearing, rendered a judgment accordingly.
To reverso this judgment, this appeal is prosecuted.
From the bill of exceptions the following may be extracted as the substance of the evidence, in the case.
It was proved by the clerk of the circuit court, that he did not know when the first execution was returned to his office; that when, on the 7th September, the second execution was applied for by the attorney for the creditors, he ascertained that the return of the first was not noted on his execution hook; that he did not examine to ascertain wheliie: the execution was in his office, and lie did not know whether it was or not., it was, however, in the office when he entered it on the 7th, as returned on that day; that it was his habit, when an execution was returned, to enter the return in the appropriate margin of his book, instantly, if, at the time, he had leisure, or if he had not, to make a memorandum on an envelope, to preserve the true date of the return, so as to be able to make the entry correctly, at his leisure; that he found au entry on his execution book, stating that the first execution was returned on the day on which the last was issued, but he had no recollection of any fact which induced him to make such an entry; that, in the summer of the year, 1825, the deputy sheriff (Tunstal) liad returned an execution, in some other case, which he (the clerk) kept in his pocket several days, before he entered the return in his book. His execution book beinsr examined in. *226 court, the fact was ascertained, that it did not contain true memorials of the returns of some other executions, which had been returned in due time; and ..Murrel, who had acted as sheriff some-time before 1825, proved that he had returned executions to the office, which had not been noticed as returned on the book, for some weeks after their return; an endorsement on the second execution showed that it was received by the officer on the 7th of September, 1825,
If execution has been returned, presumption of law is, that it was returned indue time.
It was proved by the defendants that Tunstal had • served several writs, in different parts of Barren county, on the 7th of September, 1825, rode more than thirty-six miles, and slept, on that.night, several miles from the clerk’s office, and that be was in the town in which the office was kept, only a few moments, and that was about “sun set.” It was also proved that Gorin and Haydon were, and had been, for some time prior to 1825, insolvent.
The foregoing facts exhibit all that is essential ia the evidence.
Thejr «re- insufficient, in our opinion, to establish -¿he liability of the sheriff. The onusprobandi devolved on the creditors. Before they should be permitted to subject the sheriff to -a penalty so severe as that which would be incurred by the delinquency imputed to his deputy, they should be required to show the failure of the deputy, by evidence more direct and certain, than-that which they produced in this case.
if the execution had not been returned, the clerk, 'without any difficulty, or much hazard of mistake, could have proved the fact.
As-it was returned,it would he but just and rational to presume that it was returned in proper time, unless the contrary he proved, and, therefore, it is the presumption of law,-that it was-returned in due time.
The testimony of the clerk does-not prove that it was not so returned. He did not recollect why he made the entry, that it was returned on the 7th of September, and it is not only not probable that it whs ■not returned before the .7th of September, but (he *227 presumption is strong that it was returned before that day.
The facts do not create a probability that it was returned on the 7th. The simple facts that the time • when the execution was returned, does not appear from the return endorsed by the deputy, and that the clerk entered-the return as of' the 7th September, in his book, would, if they stood-.alone,. be sufficient to show that the return was made on that day. But the force of these facts is very much- diminished, if-not destroyed, by other circumstances..
The-clerk.had not,, before the- 7th of Séptembnr, noticed that.no return had been recorded.,. He did not even .then know,when directed to issue the second,, whether, the first execution had*- been-,returned, and was on file. The deputy was not in town on that, day, until nearly night, and then remained-in town-.only a few moments. The second fieri.- facias was issued on the 7lh, and it would seem to be probable, after the discovery of the fact that the return was not entered on the book, and, after, the conversation between the clerk and the attorney of the creditors, on the subject of the sheriff’s liability, that the clerk was induced to examine his office to ascertain whether the execution had been returned, and that.he found it, and, therefore,.entered it, as returned on that day, as the day did not appear from the return endorsed on it. It is scarcely probable that, if the execution had been returned on the evening, of the 7th. September,.the clerk-could have forgotten the fact,-after the impression had been made on his mind, that the. sheriff, would be liable, and after the conversation to that effect, .with the attorney of the creditors; nor is it probable that the attorney, would have issued a second fieri facias, if.it had,.been ascertained that the debt could be made out of-, the sheriff, because, the debtors were notoriously, insolvent; and it seems to-us that a second-execution would not have been asked, for,.unless the-first had.been returned within a month after the return day.,
It was also proved,.that-.the clerk was absent about.-, the time when the first-execution was returnable; the sheriff may, therefore, have, left it in .the office in *228 the absence of the clerk; and there is no satisfactory evidence to show that he did not so leave it.
tion, within return da™ severely pen «i Proof should be clear, to madama?' ¿¡es given by statute | ' ¡statute giving 30 per cent, damages, against sheriff, for failure to return execu-
It is true that the' endorsement by the deput}', on the second fieri facias, shows that he received it on the 7th of September, and may tend to prove that he was in the office on that day, and that he might have then returned the first execution.
But the foregoing facts, combined with the proof of the clerk’s omission and forgetfulness on other occasions, would at least create serious doubts whether the firs i fieri facias was or was not returned before the 7th of September.
The statute authorizing the motion is severely penal; and the sheriff and his sureties should not he subjected to so hard a penalty, without clear proof of the delinquency of the deputy. There is not such proof in this case.
Sheriffs should be required to perform their official duties with fidelity and exactness. But policy docs no(; re(lu’re’ anc^ justice forbids that, without clear P1’00*? the officer and his sureties should be compelled to pay so large a sum as that adjudged against the appellants in this case, for an alleged failure of the deputy to return, within a month, a fieri facias against debtors who were known to be and long to have been insolvent.
Executions have been, sometimes, issued against men hopelessly bankrupt, with no other design than to take advantage of some possible slip or omission of the officer of the law.
In this case, if the deputy sheriff omitted to return, the execution promptly, the creditors were not injured by his delinquency; and before they should be allowed to profit by it, at the expense of his principal and the sureties of his principal, the facts should be so direct and satisfactory, as to leave no room for a reasonable doubt, that the officer failed to perform his duty.
’‘If the execution had been returned before the 7th of September, it is probable that the clerk, on finding it, would have entered the return as of that day. This inference is authorized by the facts.
Entry, ou c» ecutiou book, by clcik, of ’ (lay of return, in absence ol • all counteracting tesli-' rnony, is suffit cient evidence ofdals of return.
Crittenden, for appellants; Combs, for appellees.
The entry in the execution book, unexplained, would, be sufficient evidence of the date of the return.
Rut other circumstances which were proved, leave tiie date of the return in extreme doubt, and show that the memorandum made by the clerk, is not conclusive.
Wherefore, the judgment of the circuit court is reversed, and the cause remanded, with instructions io render judgment on the motion for the appellants.